UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LESTER HAYES,<br><br>                          Plaintiff,<br><br>v.<br><br>WRIGHT MEDICAL TECHNOLOGY, INC., a Delaware corporation; and WRIGHT MEDICAL GROUP, INC., a Delaware corporation,<br><br>                         Defendants. | Case No.:  16-CV-1072-CAB-(WVC)<br><br>**ORDER ON MOTION TO DISMISS** |

This matter is before the Court on Defendants' motion to dismiss five of the eight claims in the complaint. The motion has been fully briefed, and the Court deems it suitable for submission without oral argument. For the reasons set forth below, the motion is granted.

**I.    Background**

Defendants manufacture and market a hip replacement device called the Profemur Total Hip System with Profemur Stem and Profemur Neck (collectively, the "Device"). On December 11, 2007, Plaintiff had surgery to implant the Device in his hip. On June 3, 2015, the neck of the Device failed, breaking into two pieces and forcing Plaintiff to

1

undergo surgery to remove the Device. Plaintiff now asserts a host of common law tort claims arising out of the failure of the Device.

## II. Legal Standard

In most cases, to survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Thus, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). On the other hand, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 155); *see also Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001) ("Conclusory allegations of law . . . are insufficient to defeat a motion to dismiss"). Nor is the Court "required to accept as true . . . allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). "In sum, for a complaint to survive a [12(b)(6)] motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (internal quotations marks omitted).

Here, however, several of Plaintiffs' claims are based on alleged fraud and are therefore subject to the heightened pleading standard under Rule 9(b), which requires plaintiffs to "state with particularity the circumstances constituting fraud." Fed. R.Civ. P. 9(b). "Rule 9(b) demands that the circumstances constituting the alleged fraud be specific enough to give defendants notice of the particular misconduct so that they can defend against the charge and not just deny that they have done anything wrong." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (internal quotation marks and ellipses omitted). "Averments of fraud must be accompanied by the *who, what, when, where, and how* of the misconduct charged." *Id.* at 1124 (quoting *Vess v. Ciba-Geigy Corp. USA*, 317

2

F.3d 1097, 1106 (9th Cir. 2003)) (emphasis added; internal quotation marks omitted). Thus, when a plaintiff claims that a statement is false or misleading, "[t]he plaintiff must set forth *what* is false or misleading about a statement, and *why* it is false." *Vess*, 317 F.3d at 1106 (*emphasis* added; internal quotation marks omitted).

Rule 9(b)'s heightened pleading requirements serve "three purposes: (1) to provide defendants with adequate notice to allow them to defend the charge and deter plaintiffs from the filing of complaints 'as a pretext for the discovery of unknown wrongs'; (2) to protect those whose reputation would be harmed as a result of being subject to fraud charges; and (3) to 'prohibit plaintiffs from unilaterally imposing upon the court, the parties and society enormous social and economic costs absent some factual basis.'" *Kearns*, 567 F.3d at 1125 (quoting *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1405 (9th Cir. 1996)) (brackets omitted). These heightened pleading requirements are equally applicable to fraud claims based on omissions or nondisclosures by a defendant. *See id.* at 1127 ("Because the Supreme Court of California has held that nondisclosure is a claim for misrepresentation in a cause of action for fraud, it (as any other fraud claim) must be pleaded with particularity under Rule 9(b)."). Further, although there is a split among district courts, "[t]his court falls within the majority of the district courts in California that consider negligent misrepresentation a species of fraud and apply Rule 9(b)." *Giglio v. Monsanto Co.,* No. 15CV2279 BTM(NLS), 2016 WL 1722859, at *4 (S.D. Cal. Apr. 29, 2016)); *see also Neilson v. Union Bank of Cal., N.A.*, 290 F.Supp. 2d 1101, 1141 (C.D. Cal. 2003) ("It is well-established in the Ninth Circuit that both claims for fraud and negligent misrepresentation must meet Rule 9(b)'s particularity requirements."); *but see Cutler v. Rancher Energy Corp.*, No. SACV 13-00906-DOC (JORx), 2014 WL 1153054, at *3-6 (C.D. Cal. Mar. 11, 2014) (holding that "claims of negligent misrepresentation sound primarily in negligence and do not automatically implicate Rule 9(b)'s heightened pleading standard.").

### III. Discussion

The complaint asserts eight claims, but Defendants move to dismiss only five of them.[1] Of the five that are at issue in this motion, Plaintiff does not oppose dismissal of his breach of implied warranty claim, so the motion is granted with respect to that claim. Defendants also move to dismiss Plaintiff's claims for strict products liability—manufacturing defect, fraudulent misrepresentation, fraudulent concealment, and negligent misrepresentation. Each of these claims is addressed below.

#### A.   Strict Products Liability Claim—Manufacturing Defect

"The essential factual elements of a strict liability manufacturing defect case are that: (1) defendant manufactured/distributed/sold the [product]; (2) the product contained a manufacturing defect when it left defendant's possession; (3) plaintiff was harmed; and (4) the product's defect was a substantial factor in causing plaintiff's harm." *Arnett v. Seaside Transp. Servs., LLC*, No. 13-CV-01672-WHO, 2014 WL 117325, at *2 n.5 (N.D. Cal. Jan. 13, 2014). A manufacturing defect claim "posits that 'a suitable design is in place, but that the manufacturing process has in some way deviated from that design.'" *Lucas v. City of Visalia*, 726 F.Supp. 2d 1149, 1155 (E.D. Cal. 2010) (quoting *In re Coordinated Latex Glove Litig.*, 99 Cal. App. 4th 594, 613 (2002)). If a product meets the design specifications applicable at the time of manufacture, there is no manufacturing defect. *In re Coordinated Latex Glove Litig.*, 99 Cal. App. 4th at 612–13.

"To satisfy *Twombly* and *Iqbal*, plaintiffs should *identify/explain* how the product either deviated from defendant's intended result/design or how the product deviated from other seemingly identical product models." *In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices & Prod. Liab. Litig.*, 754 F.Supp. 2d 1208, 1222 (C.D. Cal. 2010) (internal quotation marks and brackets omitted; *emphasis* in original). Thus, "to state a claim for manufacturing defect, the allegations may not simply track the general

---

[1] The motion does not seek dismissal of claims for strict products liability—failure to warn, negligence, and negligence—failure to recall/retrofit.

elements of strict products liability without pertinent factual allegations." *Fontalvo ex rel. Fontalvo v. Sikorsky Aircraft Corp.*, No. 13-CV-0331-GPC-KSC, 2013 WL 4401437, at *3 (S.D. Cal. Aug. 15, 2013). A bare allegation that the product in question had a manufacturing defect is an insufficient legal conclusion and does not satisfy these requirements. *See In re Toyota*, 754 F.Supp. 2d at 1223; *Lucas*, 726 F.Supp. 2d at 1155.

Here, the complaint alleges that the Device's manufacturing defects included "an unreasonably high propensity for corrosion, fretting, and fatigue under normal and expected use of the device, leading to fracture of the modular neck and catastrophic failure of the device, requiring revision surgery." [Doc. No. 1 at ¶ 89.] In his opposition brief, Plaintiff relies entirely on this allegation as sufficient to overcome Defendants' motion to dismiss his manufacturing defect claim. The Court is not persuaded. This allegation does not identify any manufacturing defects that caused Plaintiff's Device to fail; it merely reiterates the end result of an unalleged defect that caused the Device to have a high propensity for failure and ultimately fail. In reality, the allegation is more applicable to a design defect claim than a manufacturing defect claim as it suggests that the Device had a flawed design that resulted in all Devices manufactured by Defendants, not just Plaintiff's Device, having an unreasonable likelihood of fatiguing and fracturing under normal and expected use.

In sum, the allegation on which Plaintiff relies is little more than a legal conclusion that the Device failed because it had a manufacturing defect. Therefore, the motion to dismiss this claim is granted, but with leave to amend. If Plaintiff opts to amend, his amended complaint must explain, within the confines of Rule 11, how the Device he received had a defect not found in most other identical Devices or how the manufacturing process for the Devices generally deviated from the design specifications, and how this defect or deviation caused the "corrosion, fretting, and fatigue" that ultimately resulted in the failure of his Device.

### B.     Misrepresentation and Concealment Claims

"The elements of fraud are (1) the defendant made a false representation as to a past or existing material fact; (2) the defendant knew the representation was false at the time it was made; (3) in making the representation, the defendant intended to deceive the plaintiff; (4) the plaintiff justifiably relied on the representation; and (5) the plaintiff suffered resulting damages." *West v. JPMorgan Chase Bank, N.A.*, 214 Cal. App. 4th 780, 792 (Cal. Ct. App. 2013) (quoting *Lazar v. Superior Court*, 12 Cal. 4th 631, 638 (1996)). "The elements of negligent misrepresentation are the same except for the second element, which for negligent misrepresentation is the defendant made the representation without reasonable ground for believing it to be true." *Id.* The elements of a concealment claim are similar, except that instead of a misrepresentation, the defendant must have concealed a material fact that it was under a duty to disclose with an intent to defraud the plaintiff. *Fresno Motors, LLC v. Mercedes Benz USA, LLC*, 771 F.3d 1119, 1131 (9th Cir. 2014) ("Under California law, the elements of a claim for fraudulent concealment are: (1) the defendant concealed or suppressed a material fact; (2) the defendant was under a duty to disclose the fact to the plaintiff; (3) the defendant intentionally concealed or suppressed the fact with the intent to defraud the plaintiff; (4) the plaintiff was unaware of the fact and would not have acted as he did if he had known of the concealed or suppressed fact; and (5) the plaintiff was damaged by the concealment.").

Relevant here, each of these three claims require that Plaintiff allege reliance with specificity.[2] The complaint does not contain any such allegations. The complaint here is substantively similar to the complaint in *Mooradian v. Wright Medical Technology, Inc.*, No. 14cv2445-MMA (DHB), 2015 WL 12513465 (S.D. Cal. 2015), which also asserted

---

[2] Although the Ninth Circuit did not use the word "reliance" when listing the elements of a concealment claim in *Fresno Motors*, elsewhere it has clarified that "[a]n essential element for a fraudulent omission claim is actual reliance." *Daniel v. Ford Motor Co.*, 806 F.3d 1217, 1225 (9th Cir. 2015) ("To prove reliance on an omission, a plaintiff must show that the defendant's nondisclosure was an immediate cause of the plaintiff's injury-producing conduct.").

these same three fraud-based claims arising out of a fracture of the Device. As in *Mooradian*, the complaint here alleges that Defendants made false statements about the Device "in various marketing and promotional material" published between 2002 and 2005 that were available to "sales representatives and distributors, surgeons, patients, and the general public." [Doc. No. 1 at ¶ 20.] The complaint also alleges that "[i]n reliance on Defendants' representations, Plaintiffs were induced and did use [the Device], thereby sustaining severe and permanent personal injuries . . . ." [*Id.* at ¶¶ 127, 141.] However, the complaint does not contain any allegations that Plaintiff (or his doctors) ever saw any of the materials containing the alleged false statements, let alone when they saw those alleged false statements, and specifically which alleged false statements they relied on. Thus, Judge Anello's holding in *Mooradian* is equally applicable here:

> Plaintiff fails to allege specific details as to his personal reliance on the disclosed or undisclosed information. Without further factual assertions, these conclusory allegations are insufficient to withstand a motion to dismiss, let alone satisfy the heightened pleading standard under Rule 9(b). *See Pareto v. Fed. Deposit Ins. Corp.*, 139 F.3d 696, 699 (9th Cir. 1998) ("[C]onclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss."); *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) ("Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged.").

*Mooradian*, 2015 WL 12513465, at *3. Accordingly, Plaintiff's three fraud-based claims are dismissed without prejudice.[3]

If Plaintiff opts to amend his complaint, the amended complaint must specify the exact alleged false statements he saw and relied on, when and where he saw those statements, and why the statements are false.

---

[3] Because Plaintiff concedes in his opposition that his request for punitive damages is premised on these three fraud-based claims, the dismissal of these claims renders Defendants' motion to strike or dismiss Plaintiff's punitive damages claim moot.

**IV.     Conclusion**

For the foregoing reasons, Defendants' motion to dismiss is **GRANTED**, and the manufacturing defect, breach of implied warranty, fraudulent misrepresentation, fraudulent concealment, and negligent misrepresentation claims are **DISMISSED WITHOUT PREJUDICE.**

Plaintiff may file an amended complaint consistent with the instructions herein and the requirements of Rule 11 on or before **October 21, 2016**. Plaintiff must file a notice with the Court as to whether or not he intends to amend his complaint on or before **October 14, 2016**. If Plaintiff files an amended complaint, Defendants' response will be due on **November 4, 2016**. If Plaintiff files a notice by October 14, 2016, that he does not intend to amend his complaint, Defendants answer to the complaint will be due on **October 21, 2016**.

It is **SO ORDERED.**

Dated:  October 7, 2016

Hon. Cathy Ann Bencivengo
United States District Judge