UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LESTER HAYES,<br><br>                                        Plaintiff,<br><br>v.<br><br>WRIGHT MEDICAL TECHNOLOGY, INC., a Delaware corporation; and WRIGHT MEDICAL GROUP, INC., a Delaware corporation,<br><br>                                        Defendants. | Case No.:  16-CV-1072-CAB-(WVC)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT**<br>**[Doc. No. 25]** |

This matter is before the Court on Plaintiff's motion for leave to file a first amended complaint.  [Doc. No. 25.]  For the reasons discussed below, the motion is **GRANTED.**

##    I.    Background

On May 3, 2016, Plaintiff filed this action alleging a variety of common law tort claims arising out of the failure of Defendants' hip replacement device.   [Doc. No. 1.]

On October 7, 2016, this Court dismissed without prejudice the manufacturing defect, breach of implied warranty, fraudulent misrepresentation, fraudulent concealment, and negligent misrepresentation claims.  [Doc. No. 15.]  In that order, Plaintiff was given

until October 21, 2016 to file an amended complaint consistent with the Court's instructions.  [*Id.*]

On October 21, 2016, Defendant Wright Medical Technology ("Wright") filed its answer.  [Doc. No. 19.]

On November 19, 2016, Plaintiff sought leave to amend his complaint to add MicroPort as an additional defendant in this matter.  [Doc. No. 25.]  Defendant Wright has not opposed the motion.

No scheduling order has been issued.

**II.    Discussion**

Plaintiff seeks leave to amend under Federal Rule of Civil Procedure 15(a), which states "[t]he court shall freely give when justice so requires."  Fed. R. Civ. P. 15(a)(2). Courts commonly use four factors to determine the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, and futility of amendment.  *Ditto v. McCurdy,* 510 F.3d 1070, 1078-79 (9th Cir. 2007); *Loehr v. Ventura Cnty. Cmty. Coll. Dist.*, 743 F.2d 1310, 1319 (9th Cir. 1984); *Howey v. United States,* 481 F.2d 1187, 1190 (9th Cir. 1973).  "When weighing these factors . . . all inferences should be made in favor of granting the motion to amend."  *Hofstetter v. Chase Home Fin., LLC,* 751 F. Supp. 2d 1116, 1122 (N.D. Cal 2010) (citing *Griggs v. Pace Am. Grp., Inc.,* 170 F.3d 877, 880 (9th Cir. 1999)).

The Ninth Circuit has held that "it is the consideration of prejudice to the opposing party that carries the greatest weight."  *Eminence Capital, LLC v. Aspeon, Inc.,* 316 F.3d 1048, 1052 (9th Cir. 2003).  "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend."  *Id.*  The fact that Defendant did not oppose this motion supports the conclusion that there is no prejudice.  Therefore, this factor weighs in favor of granting leave to amend.

"[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or

defense." *Miller v. Rykoff-Sexton, Inc.,* 845 F.2d 209, 214 (9th Cir. 1988).  Futile amendments to a complaint should not be permitted.  *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 188 (9th Cir. 1987) (citations omitted.).  Here, the amended complaint alleges that when MicroPort acquired the OrthoRecon Division of Wright in 2014, it engaged in the manufacture, labeling, marketing, promotion, and distribution of the PROFEMUR® Total Hip System implanted in Plaintiff.  [Doc. No. 25-2 ¶¶ 54, 57.]  Further, it alleges that following the acquisition and prior to the failure of Plaintiff's hip device, MicroPort became aware of issues surrounding the PROFEMUR® modular neck component.[1]  [*Id.*  ¶¶ 56, 99, 104.]  Additionally, it is alleged that despite knowing about the likelihood of failure, MicroPort did not warn of the potential danger for fracture until it issued a limited voluntary recall in August 2016, two months after the device implanted in Plaintiff failed.  [*Id.*  ¶¶ 55, 57.]  At this early stage in the litigation, the Court cannot conclude that amendment of Plaintiff's complaint to add MicroPort as a Defendant would be futile.

Plaintiff has filed his motion approximately 6½ months after filing the original complaint, which weights in favor of granting the leave to amend.  There is nothing in the record to suggest that the leave to amend is being sought in bad faith, therefore there is no cause to deny the leave to amend on this basis.

**III.   Conclusion**

Plaintiff's motion for leave to file a first amended complaint is **GRANTED.**  The Clerk **SHALL DOCKET** Exhibit A attached to Plaintiff's motion for leave to file amended complaint [Doc. No. 25-2] as Plaintiff's First Amended Complaint.  Defendants

//

//

//

---

[1] The PROFEMUR® Total Hip System is compromised of the PROFEMUR® modular neck component and the PROFEMUR® stem component.

shall respond to Plaintiff's amended complaint within the limits established by the Federal Rules of Civil Procedure.

**IT IS SO ORDERED**.

Dated:  December 28, 2016

Hon. Cathy Ann Bencivengo
United States District Judge

16-CV-1072-CAB-(WVC)